THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ANTONIO ANDRADE GONZÁLEZ, k/a ANDRÉS GARCÍA GARCÍA, and ELEUTERIO ORTIZ CASTRO, k/a BENJAMÍN ORTIZ CASTRO, Defendants and Appellant the latter.

No. CR-62-282.    Decided June 28, 1963.

*William Estrella López de Victoria* counsel designated by the Supreme Court to assist appellant on appeal. *J. B. Fernández Badillo, Solicitor General,* and *Héctor R. Orlandi Gómez, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM: The victim in this case of larceny testified that appellant had arrived at his business where he sells

alcoholic beverages at about five o'clock one afternoon; that he stayed there for a while, and on leaving he left on the counter a lottery list corresponding to March 13, 1961. The victim further testified that two hours later the other defendant arrived at the business and said he had 12 pieces of a winning lottery ticket corresponding to March 13; that he needed the money urgently and that it amounted to $192, but that he would give him a profit of $15, to which the witness answered that if he gave him a profit of $20 he would cash the tickets for him. Appellant accepted the offer and the victim delivered $172 to him. Next day, when he went to the Lottery he discovered that the tickets had not won. The list left by appellant in his business had been altered.

The list in question and the authentic list were introduced in evidence. Some printing material seized from appellant subsequent to the aforesaid facts was also admitted.

Appellant testified and denied the facts. The other defendant testified that he had gone to the business of the prejudiced party at the request of appellant.

■ We have before us the case of the one who left the list in the business of the aggrieved party. The other defendant's testimony connects him with the commission of the offense charged. The codefendant is an accomplice but his testimony is corroborated by the aggrieved party on testifying that appellant was the one who left the altered list.

■ No error was committed in admitting the printing material seized from defendant subsequent to the facts which gave rise to the information. It was admissible to prove that he had the means to alter the list.

■ Appellant maintains that the facts established do not constitute larceny. He argues, citing the language of the case of *People* v. *Edwards*, 236 Pac. 944 which we fol-

lowed in *People* v. *Ríos*, 69 P.R.R. 774 (1949) that in cases of fraud or trickery, "It is essential . . . that the owner shall intend to part with the possession only, and not to pass the title as well." He maintains that when the aggrieved party delivered the $172 to him in exchange for the alleged winning tickets he had the intent of passing him the title. Obviously, if the aggrieved party had known that the list was forged he would not have delivered the money. It cannot be sustained that it was his intention to transfer the title on the $172. As we said in *Ríos* citing *Edwards:* "It is well settled that a taking, within the definition of larceny, occurs when a person, with a preconceived design to appropriate the property to his own use, obtains possession of it by means of fraud or trickery. *In such case the fraud vitiates the transaction, and the owner is deemed still to retain a constructive possession of the property.*" (Italics ours.)

The judgment appealed from will be affirmed.